(93 South. 900)

### GRAY v. GRAY. (7 Div. 329.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. Divorce ⚖️126—Evidence held not to support allegation of respondent's pregnancy before marriage without knowledge or agency of complainant.

In a suit for divorce, evidence *held* not to support allegation of respondent's pregnancy prior to marriage without knowledge or agency of complainant.

2. Divorce ⚖️129(16)—Evidence held not to support allegation of wife's adultery.

In a suit for divorce, evidence *held* not to support allegation of respondent wife's adultery.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill by James W. Gray against Ida E. Gray for divorce. From a decree dismissing the bill, complainant appeals. Affirmed.

Hugh Reed, of Center, for appellant.

Complainant had the right to amend his bill and to obtain relief under either ground set up. 203 Ala. 466, 83 South. 478. Two distinct grounds may be alleged in the same bill for divorce. 20 Ala. 168.

Rains & Thompson, of Gadsden, for appellee.

Counsel argue the effect of the evidence, but without citing authorities.

GARDNER, J. [1] Appellant on July 13, 1919, filed the original bill in this cause against appellee, his wife, seeking divorce upon the one ground that, immediately after his marriage with respondent, he discovered that she was pregnant with a child, and that such condition was without his knowledge or agency, and that since such discovery he had not lived or cohabited with her. Complainant testified, in support of this theory of the case, that he had never had intercourse with respondent before his marriage, and had no knowledge of her pregnant condition, but that this condition was discovered the next morning after the marriage, when the respondent stated that another man was responsible therefor.

On September 13, 1920, several witnesses testified in behalf of respondent, and she was also examined. She insists she had never been intimate with any one save complainant to this cause, and he was the father of her child, which was born on August 22, 1918, following the marriage on April 24, 1918.

The marriage between these parties took place on April 24th, as above stated, and on the following day complainant, in answer to the draft, went into the army. The respondent offered numerous letters written by complainant to her both before and after the birth of the child, showing affection for her and interest in her welfare; some of the letters written after the birth of the child displayed much interest and a request that its picture be sent him. One or two letters were also introduced which he had written to her mother. The testimony of respondent, with these numerous letters as exhibits, answered as, a complete refutation of the theory upon which the original bill was filed.

[2] After this testimony of respondent was offered, the complainant amended his bill, alleging as an additional ground for divorce adultery with one Garmon; this amendment being filed September 25, 1920. In support of this charge he offered the testimony of Garmon himself, who testified to two acts of adultery, and that of complainant's mother and father, who corroborated Garmon as to one act. If these witnesses are to be believed, complainant is entitled to divorce.

Numerous witnesses testified to the bad character of Garmon, and that he is unworthy of belief. For two months previous to giving his testimony, he [Garmon] had been boarding at the house with complainant's mother and father. The father and mother testified that this act occurred about three weeks after complainant left for the army, but they said nothing about it to any one, except the father states he mentioned it to Garmon the next morning, and respondent continued to live in the house with him for some time thereafter.

It is made to appear that bad feeling existed between complainant's father and mother and respondent, and we are persuaded this feeling arose in regard to the allotment which respondent was receiving as complainant's wife, and which was increased after the birth of the child. The father admits to most harsh declarations in regard to respondent, and of his determination that she and his son would never live together again.

The complainant was discharged from the army in June, 1919, and went immediately to the home of his father in Gadsden, where he has continuously remained. He states he was told of the adultery by his parents four or six days after he reached home, but made no such charge in his bill for divorce until the filing of the amendment on September 25, 1920, after having been confronted with the numerous letters above noted.

A large number of witnesses testified to respondent's good character. Much is said in argument of counsel in regard to the fact that respondent was several years older than complainant; but complainant's parents did not consider this of any serious consequence, for his mother testified that she saw the license which complainant had obtained for this marriage two weeks before the marriage occurred, and that neither she nor her husband then made objection thereto. A consideration of the time and place of the act of

adultery, as testified to by these parents, adds no strength to the testimony; but a detailed discussion of the evidence was not intended. These general observations are made in answer to the earnest argument of counsel for appellant, and we forego further discussion.

The testimony has been read in consultation, and given most careful consideration, and the court has reached the conclusion that the evidence is not sufficiently convincing to persuade us that complainant is entitled to relief.

The decree of the court below dismissing the bill will, accordingly, be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.